**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

FILED
CHARLOTTE, NC

NOV 12 2008

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| | **CIVIL ACTION FILE** |
| **v.** | **NO. 5:08 CV 136** |
| **BILTMORE FINANCIAL GROUP, INC.** **and J. V. HUFFMAN, JR.** | |
| **Defendants.** | |
| **and** | |
| **GILDA BOLICK HUFFMAN,** | |
| **Relief Defendant** | |

**CONSENT ORDER FREEZING ASSETS AS TO RELIEF DEFENDANT
AND PERMITTING EXPEDITING DISCOVERY**

Upon the Motion of the Securities and Exchange Commission

("Commission"), and relief defendant Gilda Bolick Huffman ("Gilda Huffman" or

"Relief Defendant") having entered a general appearance, admitted the jurisdiction

of this court over her  and over the subject matter of this action, waived entry of

findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure with respect to the relief granted in this order, and without admitting or denying any of the allegations of the complaint and having consented to the entry of this order,

## I.

**IT IS HEREBY ORDERED** that, pending entry of the Final Judgment in this matter, all assets of, or under the control of Relief Defendant are frozen, except as otherwise specified herein. Pending entry of the Final Judgment, Relief Defendant, her officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of said defendant. This Court further enjoins any disbursement by Relief Defendant, her agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from the Biltmore Financial Group, Inc., offerings alleged in the Commission's complaint. The freeze

shall include but not be limited to those funds located in any bank accounts, brokerage accounts, and any other accounts or property of Relief Defendant and any property, funds or assets owned jointly by Relief Defendant and Defendant J. V. Huffman, Jr. Despite the foregoing, Relief Defendant may expend $15,000 from her assets as living expenses but only to the extent that the same amount permitted to be expended by defendant J. V. Huffman Jr., is not expended. In other words, the defendant and relief defendant may expend a total of $15,000 between them. Thereafter, Relief Defendant may apply to the Court with a signed, sworn statement of financial condition for an amount which the Court may determine may be exempted from the freeze for the purpose of meeting her ordinary and necessary living expenses. Nothing is this order shall prevent Relief Defendant from obtaining employment in the future and any earnings from that employment shall be segregated from any frozen accounts and shall not be subject to this freeze, provided that no employment or earnings may be derived from the other defendants in this case, or from any entity under their control.

## II.

**IT IS FURTHER ORDERED** that the Commission may take expedited

discovery as follows:

A.    The Commission and Receiver may take depositions upon oral

examination subject to three days notice prior to expiration of 30 days after service

of the Summons and Complaint upon defendant, pursuant to Rule 30(a) of the

Federal Rules of Civil Procedure;

B.    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon

request of the Commission, the defendants shall produce all documents within three

days of service of such request;

C.    All written responses to the Commission's requests for discovery

under the Federal Rules of Civil Procedure shall be delivered to the Commission at

3475 Lenox Road N.E., Suite 1000, Atlanta, Georgia 30326-1232, or such other

place as counsel for the Commission may direct, by the most expeditious means

available.

## III.

**IT IS FURTHER ORDERED** that Relief Defendant Gilda Bolick Huffman

shall, upon, request, turn over to any receiver appointed in this case for the

defendants, all property of either defendant which she has in her possession or subject to her control.

## IV.

**IT IS FURTHER ORDERED** that this *Order* will remain in effect until modified by further order of this Court.

## V.

**IT IS FURTHER ORDERED** that the Relief Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

Dated: <u>November 12</u>, 2008

_____
UNITED STATES DISTRICT JUDGE