UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) Case No.: <br> ) 5:08-CV-00136 <br> BILTMORE FINANCIAL GROUP, INC. and ) <br> J. V. HUFFMAN, JR., ) <br> ) <br> Defendants. ) <br> ) | |

**ORDER GRANTING RECEIVER'S MOTION
TO APPROVE SALE OF PERSONAL PROPERTY**

This matter having come before the Court on the Receiver's Motion to Approve the Sale of Personal Property (Document #37), filed June 9, 2009, and the Court having considered the Motion and the Receiver's reasoning and proposed plans for sale,

IT IS HEREBY ORDERED that, consistent with the rights and powers granted to him in this Court's Order dated November 12, 2008, the Receiver is authorized to sell, liquidate or otherwise dispose of the personal property included within the Receiver Estate as follows:

1.  The Receiver is authorized to sell all items of personal property at a public sale (i.e., auction). The Receiver shall have complete discretion to determine how and when such sale shall take place, as well as the location(s) of such sales.

2.  Any and all auction sales shall be conducted by auctioneers licensed (or similarly

qualified) to render such services and on such terms as the Receiver deems appropriate. Notwithstanding the foregoing sentence, the Receiver may also use Internet auction sites to conduct such sales in any manner and with respect to any items that he deems appropriate.

3. Without in any way limiting the authority granted to the Receiver, the proposed public auction to be held at 3400 Wishing Well Lane, Claremont, NC 28610 on August 15 and 16, 2009 is hereby approved. The Receiver is hereby authorized to sell or refuse to sell any items of personal property at this auction as he, in his sole discretion, deems appropriate.

4. The Receiver is authorized to sell some items of personal property, including jewelry and artwork, at private sale either; (a) directly, by the Receiver; or, (b) by engaging a dealer or other sales agent in accordance with the terms of this Order.

5. With respect to any private sale made to a purchaser by the Receiver, directly, the Receiver shall have sole and absolute discretion to determine the terms of sale without further order of this Court. In determining an appropriate sales price, the Receiver shall consider all factors that he deems relevant to such sale, including, but not limited to:

   a. The amount paid by Parish in purchasing the asset;
   b. Any prior formal or informal appraisal of the asset;
   c. Any formal or informal appraisal or other indication of value of the asset provided to the Receiver by someone who is competent to render such an opinion;
   d. The current market price for similar assets (to the extent that it is possible to determine such a price);
   e. The amount of commission and fees that the Receiver would be required to pay to have the asset sold by an auctioneer, dealer or other third-party seller; and/or

6. In the event that the Receiver determines that it is in the best interest of the Receiver Estate to retain a dealer or other sales agent to promote a private sale (or sales), the Receiver shall file a notice with this Court indicating the name of such sales agent and the basic terms of the engagement (e.g., fees and commissions, location, etc.). In the event that no party files a written objection within ten (10) days of the date of filing of the Receiver's notice, then the engagement of the sales agent shall be approved without further order of this Court. In the event that an objection is timely filed, the Court will set a hearing for the purpose of determining whether the Receiver's selection of the sales agent should be approved.

The Receiver is authorized to conduct such auctions and sales as outlined herein and as he may deem necessary without further prior approval by this Court.

Signed: June 15, 2009

Richard L. Voorhees
United States District Judge