UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08cv136

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>        Plaintiff,<br><br>        v.<br><br>BILTMORE FINANCIAL GROUP, INC.<br>and J. V. HUFFMAN, JR.,<br>        Defendants. | **ORDER** |

This matter having come before the Court on the Receiver's Motion for the Court to Approve Real Property Distribution Procedures (Document #54) filed November 25, 2009, and the Court having considered the Motion, the Brief in Support, and the proposed Real Property Distribution Procedures, the Court adopts the following Real Property Distribution Procedures to govern the transfer of Real Property held by the Receivership Estate:

**REAL PROPERTY DISPOSITION PROCEDURES**

Consistent with the provisions of the Receivership Order entered in this case on November 12, 2008 and the procedural requirements of 28 U.S.C. § 2001, the Receiver will dispose of real property assets in the Receiver Estate as follows:

    1.    <u>Disposition of Real Property</u>. The Receiver may, in his discretion, dispose of any real property assets in the Receiver Estate ("Property" or, collectively, "the Properties") by: (a) public sale, or (b) private sale.

    2.    <u>Title, Liens</u>. All sales of any of the Properties shall be by limited warranty deed and

1

shall be free and clear of all liens, judgments or similar encumbrances (the "Liens") whether by way of private sale or public sale, so long as the net sales proceeds exceed the amount of any Liens validly asserted against the Property or Properties subject to the sale. In the event that the Receiver contests any aspect of an asserted lien or encumbrance, he shall escrow from the sales proceeds an amount equal to the amount of such asserted lien or encumbrance. The Receiver shall be authorized to settle and compromise disputed liens and encumbrances, and, if necessary, to file a Motion with this Court seeking resolution of any such dispute. Upon resolution of any such dispute, whether by agreement or a decision of this Court, the Receiver may use the escrowed funds in accordance with the terms of the resolution and shall then be relieved of any further obligation to maintain the escrow.

3. <u>Realtor</u>. The Receiver may, in his discretion, hire a Realtor to assist in the sale of the Properties in order to obtain a fair price. The Realtor shall be entitled to a commission not greater than six percent (6%) of the total purchase price of the Properties.

4. <u>Public Sale</u>. All public sales shall be conducted within the ambit of 28 U.S.C. § 2001. The Receiver may conduct an auction in any commercially reasonable manner that he deems appropriate, including an electronic auction.

5. <u>Private Sale</u>. Private sales shall be conducted within the ambit of 28 U.S.C. § 2001 which shall include the right of the Receiver to conduct private sales in accordance with the following:

(a) The Receiver shall have the authority to negotiate private sales upon the terms and conditions the Receiver deems appropriate; provided, however, that each such contract of private sale shall include a provision conditioning the consummation of the transaction on Court approval. Private sales shall be made pursuant to a written contract on such form and upon such terms as the

Receiver and such potential purchaser shall agree, but any such sale shall not be consummated without the approval of this Court.

(b) Upon execution of contract for sale by the Receiver and a prospective purchaser of a Property, the Receiver shall publish notice of the terms of such sale once a week for two successive weeks in the counties where the respective Properties are located and on the Receiver's website for a period of ten (10) days in order to allow for competing bids. The notice will provide procedures by which third parties may submit competing bids, and shall specify that only bona fide offers (bids with a purchase price that is at least ten percent (10%) higher than the existing contract price) and on substantially similar terms as the existing contract will be considered by the Receiver. The notice will also specify that certified funds in an amount not less than five percent (5%) of the new purchase price must be deposited on the same day such bid is made by the bidder with the Receiver in order to constitute a bona fide offer.

    i. In the event that no competing bid is timely made in accordance with this subsection 4(b), the Receiver shall file a motion in accordance with subsection 4(c), below, seeking this Court's approval of the proposed sale.

    ii. In the event that a bona fide competing bid is timely made, the Receiver may, in his discretion, enter into negotiations with both the original proposed purchaser and any competing bidder(s). The Receiver may, in his discretion, enter into a contract with any of these parties, subject to the approval of this Court, and shall then file a motion seeking such approval in accordance with subsection 4(c), below.

(c) Within a reasonable period of time following the satisfaction of the conditions set forth in 4(b), above, the Receiver shall file a motion seeking approval of the private sale. The

Receiver's motion shall be served upon the parties to this action, as well as any party who has made a bona fide offer to purchase the Property that is the subject of the motion. The Receiver shall also post the motion on his website. The Receiver's motion for approval shall include information that the Receiver believes would be useful to the Court and others in assessing the reasonableness of the sales price, including the following:

  i.  A copy of the subject contract or a detailed description of the terms of the private sale.

  ii.  The three "appraisals" that the Receiver has considered in arriving at the sales price. In this regard, the Court authorizes the Receiver to use any of the following as an "appraisal" in accordance with the provisions of 28 U.S.C. § 2001 (b):

    1.  The appraisal conducted by Gary Boyd Auction and Real Estate, the auctioneer firm retained by the Receiver;

    2.  Any appraisal prepared by a qualified appraiser for the proposed purchaser, its lender or the Receiver;

    3.  Broker opinion letters;

    4.  The purchase price paid by Defendants, if such purchase was negotiated at arms length and made no more than three years prior to the date of this order;

    5.  Any appraisal prepared for Defendants by a qualified appraiser; and/or

6. Tax values for each Property based on the assessed value by the Tax Administrator of said County.

(d) The following persons shall have standing to object to the Receiver's motion for approval of a private sale: parties to this litigation, any person or entity who submitted to the Receiver a written offer to purchase the subject Property, and any investor in Biltmore Financial Group, Inc. or other creditor of Biltmore Financial Group, Inc. All objections must be made in writing within ten (10) days of service of the motion (publication on the Receiver's website or actual service of the motion, whichever is later).

i. In the event that no objection is timely filed, the Receiver requests that the Court enter an Order approving the sale of the subject Property and authorizing the Receiver to take all actions necessary to close under the Case approved Contract promptly upon the expiration of any applicable appeal period under that Order.

ii. In the event that an objection is timely filed, the Court shall schedule a hearing as soon as is reasonably practicable for the purpose of deciding the issues raised by the objection and, ultimately, determining the party to whom the subject Property should be sold and the terms of such sale. The party filing the objection must appear at the hearing. At the conclusion of any such hearing, the Court will enter an Order regarding the sale authorizing the Receiver to take all actions necessary to convey title to the subject Property promptly upon the expiration of any applicable appeal period under that Order.

**SO ORDERED.**

Signed: December 18, 2009

Richard L. Voorhees
United States District Judge